# THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.  1:22-cv-01646-GPG

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 21 2022

JEFFREY P. COLWELL
CLERK

Plaintiff, Keyon Nesmith   DOC # 193655

v.



Defendant.

_____

Sgt. Benjamin, Deputy Morse, El Paso County Jail

Response to Show Cause

When it comes to Heck v. Humphrey, 512 U.S. 477 (1994) or Edwards v. Balisock, 520 U.S. 641 (1997). They both dont apply to this case. The assault that alleged justified force being used was "Dismissed" in 20CR 6479 by the ADA. On April 19, 2021, so Heck v. Humphrey dont apply nor does Edward v. Balisock. Because the ADA dismissed the two assaults of a Peace Officer, "After" the "Dismissal", new charges were filed on April 19, 2021. The obstruction of a peace officer wasnt an amended charge, it was a new seperate charge. The plea was made out of fear, that more assaults on the plaintiff would occur. Which is coerheension, and since Sgt. Benjamin was never assaulted the plaintiff was justified to be afraid. And the ADA believed Sgt. Benjamin's statement enough to dismiss the charge; it leave it clearly Deputy Morse acted Malicious and sadistic. Drive stunning the plaintiff twice unjustly and shows the excessive force, and was clearly malicious and sadistic by definction.

In reguarding El Paso County Jail displinary charge of Assault of a Peace officer, The only evidence needed to be convicted of a displinary charge is a Deputies statement in El Paso County Jail. Mr. Nesmith the plaintiff was found guilty of the assault on a Peace Officer, in the Displinery charge. Which With the ADA used and dismissed the criminal charge in court; The plaintiff sent El Paso County Jail; court documents showing that the assault on a Peace Officer, was dismissed by the ADA. There are the same case the only difference is one is a displinary charge(s) and the other is charge(s) criminal. Requesting because of the ADA's decision for El Paso County Jail to remove the charge as well. El Paso County Jail never responded back, to the Plaintiff

to the Plaintiff; or removed the displinary charges from their reports. Neither Heck or Edwards apply to this either. El Paso County Jail's refusal to accept a wrongful action by one of their employee; is not supported by Heck v. Humphrey or Edward v. Balisock. El Paso County Jail refusal to reverse the ruling is deliberate indifference, and only to protect theirselves. Also the Adminstrative Segregation and loss of privelege would had to be reversed as well. Opening El Paso County Jail up to a Cruel and Unusual punishment claim. Which is deliberate indifference by definction and also abuse of power by defination.

In light of this evidence, I request the courts to reject any dismissal because of Heck v. Humphrey or Edwards v. Balisock nor Brown v. Cline. Due to these case law would apply to a Malicious Prosecution claim.

Deliberate indiffence is supported by Palmer, 468 U.S. 517 (1984)

Respectfully submitted, this July, 16    2022          Done this   16    day
Keyon Nesmith                                          of July          2022
Keyon Nesmith 193655
P.O. Box 600                                           Copy sent the all
Canon City Co 81215                                    defendant done on
                                                        July  16      2022
                                                       2739 E. Las Vegas
                                                       Colorado Springs Co 81916

Colorado Department Of Corrections

Name Keyon Nesmith

Register Number 183665

Unit LA-104

Box Number P.O. Box 600

City, State, Zip Cañon City, Co 81215

DENVER CO 802

19 JUL 2022 PM 2 L

80294-250151

Office of The Clerk
United States District Court
Alfred A. Arraj Courthouse
901-19th St, room A105
Denver, Co 80294-3589

DATE REC'D
24-370
IDF

OFFENDER LAST NAME
Nesmith

FACILITY
Petersen

STAFF LAST NAME

DOC#
183665