IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22–cv–01646–PAB–MDB

Keyon Nesmith,

     Plaintiff,

v.

Deputy Morse, in his individual and official capacity,

     Defendant.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Magistrate Judge Maritza Dominguez Braswell**

This matter comes before the Court due to Plaintiff's failure to effectuate service within the Fed. R. Civ. P. 4(m) period as well as Plaintiff's Motion Requesting Default Judgment.[1] (Doc. No. 59.) Plaintiff has been unable to serve Defendant or provide a current address at which Defendant may be served. The Court, therefore, **RECOMMENDS denying** the Motion Requesting Default Judgment and **dismissing this matter without prejudice**.

### SUMMARY FOR *PRO SE* PLAINTIFF

To proceed with a lawsuit the plaintiff must serve the defendant. Despite the many attempts in this case, legally valid service has not been completed. The Court therefore

---

[1] Plaintiff has filed several other motions pending before the Court, including a Motion Requesting Volunteer Counsel, Motion to Add Claims, Motion to Request the Process Server Be Contacted to Verify Execution, Motion of Verification of Defendant Being Served, Motion Showing Proof of Defendant Being Served, Motion Requesting All Motions Filed on Deputy Morse's Account, and Motion Addressing the Due Date For an Answer by the Defendant. (*See* Doc. Nos. 20, 44, 52, 55, 61, 71, 73.) The Court will consider these motions in a separate order.

1

recommends that your case be dismissed. However, the Court recommends dismissal without prejudice. If the presiding judge agrees and dismisses your case without prejudice, you will have an opportunity to re-file your claims once you determine where Defendant can be served. Because Defendant has not been served, the Court is also recommending that your motion for default judgment be denied.

## BACKGROUND

Plaintiff, an inmate proceeding *pro se*, initiated this action by filing a Complaint against Defendants Sgt. Benjamin, Deputy Morse, and the El Paso County Jail on July 1, 2022. (Doc. No. 1.) The Complaint alleges that Defendants violated Plaintiff's First, Eighth, and Fourteenth Amendment rights. (*Id.*) On August 8, 2022, the Honorable Gordon P. Gallagher reviewed the Complaint and ordered Plaintiff to file an amended complaint curing various deficiencies. (Doc. No. 8.) On August 31, 2022, Plaintiff filed an amended complaint ("Amended Complaint") and terminated Sgt. Benjamin as a party, leaving Deputy Morse and the El Paso County Jail as Defendants. (Doc. No. 9.) On October 21, 2022, the Honorable Lewis T. Babcock ordered that El Paso County be dismissed from the action. (Doc. No. 14.)

As for the remaining Defendant, Deputy Morse, the key issue is service. On October 27, 2022, the Clerk of Court, on Plaintiff's behalf, mailed a summons to the El Paso County Legal Department for service of process on Deputy Morse. (Doc. No. 17.) On November 7, 2022, Christopher Strider of the El Paso County Attorney's Office purported to execute a Waiver of Service, on behalf of Defendant Deputy Morse. (Doc. No. 18.) Mr. Strider amended the Waiver of Service on November 28, 2022, indicating service had been waived on behalf of "Matthew" Morse. (Doc. No. 22.) However, on December 7, 2022, Mr. Strider filed a motion to withdraw the Waiver of Service. (Doc. No. 23.) In the motion seeking to withdraw the waiver, Mr. Strider

explained that the November 7th waiver "waived service for the improper Defendant, Deputy

Brian Morse," but "[u]pon further investigation, it was determined that the proper Defendant is

named Matthew Morse." (Doc. No. 23 at ¶¶ 3-4.) Moreover, "[o]n November 28, 2022, the El

Paso County Attorney's Office waived service for former Deputy Matthew Morse," but although

"the El Paso County Attorney's Office has a standing agreement to accept service on behalf of

current employees of the El Paso County Sheriff's Office, no such agreement exists regarding

former employees[,] and "Matthew Morse is no longer employed by El Paso County Sheriff's

Office and was not employed at the time that service was waived on his behalf." (*Id.* at ¶¶ 5-7.)

At a hearing on the motion to withdraw the waiver of service, the Court concluded the

Waiver of Service was never effective because the County did not have authority to waive

service on Defendant's behalf. (Doc. No. 30.) On that basis, the Court granted the motion to

withdraw but inquired into the whereabouts of Defendant. (*Id.*) Mr. Strider described his efforts

to locate Defendant, and the Court decided to allow additional time for service in the hopes the

County attorney would be successful in connecting with Defendant. (*Id.*)

On February 13, 2023, the Court held another status conference, but Plaintiff did not

appear. (Doc. No. 35.) On March 1, 2023, the Court held another conference and asked Mr.

Strider for an update on the County's efforts to contact Defendant. (Doc. No. 37.) Mr. Strider

reported the County sent an engagement letter to Defendant, but it was returned undelivered with

a notation to the effect of, "did not want." (*Id.*) The Court discussed the service issues on the

record, and construed Plaintiff's statements as a request for a subpoena for the last known

address of Defendant. (*Id.*) The Court granted that request. (*Id.*) The Court also granted Mr.

Strider's oral motion to file the subpoena response under restriction in order to keep Defendant's

personal information confidential. (*Id.*)

The efforts were to no avail. The United States Marshall Service has made various attempts to serve Defendant. (*See* Doc. Nos. 46-49.) However, to date, Plaintiff has not effectuated service of the Amended Complaint. On April 10, 2023, the Court issued an Order to Show Cause directing Plaintiff to show why this action should not be dismissed pursuant to Fed. R. Civ. P. 4(m). (Doc. No. 50.) The Court advised Plaintiff that failure to show good cause would result in a recommendation of dismissal without further notice. (*Id.*) Plaintiff filed a response on April 21, 2023. (Doc. No. 53.) Additionally, Plaintiff filed a Motion to Request the Process Server Be Contacted to Verify Execution, a Motion of Verification of Defendant Being Served, a Motion Requesting Default Judgment, a Motion Showing Proof of Defendant Being Served, a Motion Requesting All Motion Filed on Deputy Morse's Account and a Motion Addressing the Due Date For an Answer by the Defendant. (*See* Doc. Nos. 52, 55, 59, 61, 71, 73.)[2]

## ANALYSIS

Although Plaintiff is proceeding without an attorney, he bears the responsibility of prosecuting this case, including effectuating service of process on Deputy Morse.

Fed. R. Civ. P. 4(m) provides in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court-- on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

---

[2] The County has not responded to the pending Motions, nor does the Court expect it to respond because the County is not a party to this case and the County attorney has entered a special limited appearance only to address the Court's inquiries concerning service.

It is beyond dispute that a "fundamental requirement of due process of law in any proceeding which is to be accorded finality is notice reasonably calculated under all the circumstances to apprise interested parties." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950).

Here, Plaintiff filed his Complaint on July 1, 2022. (Doc. No. 1.) On August 31, 2022, Plaintiff filed his Amended Complaint (Doc. No. 9.) The 90-day service period expired on November 29, 2022. Plaintiff has well-exceeded that 90-day period.

Plaintiff argues Defendant was served because a Waiver of Service was executed (Doc. No. 18) and an Amended Waiver of Service (Doc. No. 22) was returned to the Court with certified mail receipts marked as "executed." (Doc. No. 53.) But the amended waiver on behalf of Defendant was never effective and the Court granted El Paso County's motion to withdraw the waiver. Plaintiff also argues there is evidence that Defendant was served because the document sent by Mr. Strider to Defendant's last known address came back as "unexecuted" and with writing that said, "do not want." (Doc. No. 55.) In other words, Plaintiff seems to make the argument that Defendant is evading service. But in Colorado, service is achieved in the face of refusal only when:

> the person serving the process *knows or has reason to identify the person who refuses to be served*, identifies the documents being served, offers to deliver a copy of the documents to the person who refuses to be served, and thereafter leaves a copy in a conspicuous place.

C.R.C.P. 4(k) (emphasis added). Here, however, there is no evidence that the person who refused service or marked the documents, "do not want," was actually Defendant. There is also no evidence that those attempting to effectuate service had reason to believe it was Defendant. The opposite is true. The Marshals spoke to multiple people, who were either unfamiliar with Defendant or indicated he no longer lived there. (*See* Doc. Nos. 46-49.)

5

Plaintiff has been aided to some extent by the County, the United States Marshals, and the Court. But the ultimate responsibility of effectuating service is Plaintiff's alone. *See Fields v. Okla. State Penitentiary*, 511 F. 3d 1109, 1113 (10th Cir. 2007) ("It is the Plaintiff's responsibility to provide the United States Marshal with the address of the person to be served[.]"); *Pemberton v. Patton*, 673 F. App'x 860, 864 (10th Cir. 2016) (unpublished) ("[T]he Marshals service is not responsible for lack of service where a plaintiff does not provide correct information required for service.") Plaintiff's *pro se* status does not relieve him of his obligation to adhere to and comply with "the same rules of procedure that govern other litigants," including Rule 4. *DiCesare v. Stuart*, 12 F. 3d 973, 980 (10th Cir. 1993); *see Dawson v. Rios,* No. CIV-17-1311-G, 2019 WL 4773820, at * 2 (W.D. Okla. Sept. 30, 2019) ("Plaintiff's *pro se*, inmate status alone does not provide good cause to extend the ninety-day service deadline."). Plaintiff has not met his burden.

Finally, the Court notes that other alternative service options such as service by mail or publication are not possible here.[3] There is no way to guarantee that publication would reasonably notify Defendant of this lawsuit because no one seems to know in which state Defendant resides, let alone a more specific location. Thus, service by mail or publication would likely violate Defendant's right to due process. *Mullane,* 339 U.S. 306, 314 (Notice must be reasonably calculated under all circumstances to apprise interested parties).

### CONCLUSION

Accordingly, the Court **RECOMMENDS** that this action be **dismissed without prejudice** for Plaintiff's failure to serve Defendant pursuant to Fed. R. Civ. P. 4. The Court

---

[3] Also of note, "service by… publication shall be allowed only in actions affecting specific property or status or other proceedings in rem." C.R.C.P. 4(g).

further **RECOMMENDS** that Plaintiff's Motion Requesting Default Judgment (Doc. No. 59) be

**DENIED**. The Clerk of Court is directed to send a copy of this Recommendation to Plaintiff:

> Keyon Nesmith
> #193655
> Centennial Correctional Facility (CCF)
> P.O. Box 600
> Canon City, CO 81215

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may

serve and file written objections to the Magistrate Judge's proposed findings and

recommendations with the Clerk of the United States District Court for the District of Colorado.

28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A

general objection that does not put the district court on notice of the basis for the objection will

not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's

report and recommendation must be both timely and specific to preserve an issue for de novo

review by the district court or for appellate review." *United States v. One Parcel of Real Prop.*

*Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to

make timely objections may bar *de novo* review by the district judge of the magistrate judge's

proposed findings and recommendations and will result in a waiver of the right to appeal from a

judgment of the district court based on the proposed findings and recommendations of the

magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's

decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection

does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at

1059-60 (a party's objections to the magistrate judge's report and recommendation must be both

timely and specific to preserve an issue for *de novo* review by the district court or for appellate

7

review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc*., 52 F.3d 901, 904 (10th Cir.

1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had

waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342,

1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal

the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th

Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 20th day of July, 2023.

**BY THE COURT:**

_____
Maritza Dominguez Braswell
United States Magistrate Judge