IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Maritza Dominguez Braswell**

Civil Action No. 22–cv–01646–PAB–MDB

KEYON SMITH,

      Plaintiff,

v.

DEPUTY MORSE, in his individual and official capacities,

      Defendant.

---

## ORDER

This matter is before the Court on Plaintiff's Motion Requesting Volunteer Counsel (Doc. No. 20), Motion to Add Claims (Doc. No. 44), Motion to Request the Process Server be Contacted to Verify Execution (Doc. No. 52), Motion of Verification of Defendant Being Served (Doc. No. 55), Motion Showing Proof of Defendant Being Served (Doc. No. 61), Motion Requesting All Motions Filed on Deputy Morse's Account [Be Retracted] (Doc. No. 71), and Motion Addressing the Due Date for An Answer by Defendant. (Doc. No. 73.) For the following reasons, Plaintiff's motion to appoint *pro bono* counsel is **DENIED without prejudice**, and Plaintiff's remaining motions are **DENIED AS MOOT**.

### SUMMARY FOR *PRO SE* PLAINTIFF

As noted in the Court's Recommendation (Doc. No. 75), Defendant has not yet been served. The lack of service and the Court's Recommendation that the case be dismissed without prejudice, moots out the motions you filed concerning service and the amendment of your

Complaint. Additionally, the Court finds that at this time, and under these circumstances, the appointment of counsel is not warranted.

## DISCUSSION

### I.      Service-Related Motions and Motion to Amend

To date, Plaintiff has failed to serve the remaining Defendant in this matter, Deputy Morse. The Court detailed the timeline of service-related activity in its Recommendation for the dismissal of this matter. (Doc. No. 75). That, and the general background information set forth in that Recommendation, is incorporated by reference in this Order.

Plaintiff has filed several service-related motions over the last three months, among other things, asking the Court to "verify" that Defendant has been served and purporting to "show[] proof" that Defendant has been served. (*See* Doc. Nos. 52; 55; 61; 71; 73.) Plaintiff has also filed a motion to amend. (Doc. No. 44.) However, as discussed in the Court's Recommendation (*see* Doc. No. 75), Defendant has not been served and it has been over a year since Plaintiff initiated this case. Because Defendant has not been served, and for the reasons set forth in the Court' most recent Recommendation (Doc. No. 75), the Court finds Plaintiff's service-related motions and his motion to amend must be denied as moot.

### II.     Motion to Appoint Counsel

Plaintiff has also requested the assistance of counsel in this matter. (*See* Doc. No. 20.) The decision to appoint counsel in a civil case is left to the sound discretion of the district court. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). The Court must "give careful consideration to all the circumstances with particular emphasis upon certain factors that are highly relevant to a request for counsel." *Id.* (quoting *McCarthy v. Weinberg*, 753 F.2d 836, 838

(10th Cir. 1985)). Those factors include: "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Id.* (quoting *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (quoting *McCarthy*, 753 F.2d at 838). "Only in those extreme cases where the lack of counsel results in fundamental unfairness will the district court's decision be overturned." *Id.* (quoting *McCarthy*, 753 F.2d at 839).

Pursuant to the Local Rules of Practice of the United States District Court for the District of Colorado-Attorney, the following unrepresented parties are eligible for the appointment of *pro bono* counsel: (1) a party who has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915; (2) an unrepresented prisoner; and (3) a non-prisoner, unrepresented party who demonstrates limited financial means. D.C.COLO.LAttyR 15(e). In addition to eligibility, the Court applies the following factors and considerations to evaluate a motion for the appointment of counsel in a civil case: (1) the nature and complexity of the action; (2) the potential merit of the *pro se* party's claims; (3) the demonstrated inability of the unrepresented party to retain an attorney by other means; and (4) the degree to which the interests of justice will be served by the appointment of counsel, including the benefit the Court may derive from the assistance of the appointed counsel. D.C.COLO.LAttyR 15(f)(1)(B).

Here, appointment of counsel is not warranted at this time. The matter has not progressed enough to allow the Court to assess the potential merits of the claim, and appointment of counsel at this juncture would saddle an attorney with service issues rather than legal issues. And while

the Court understands that service can be uniquely difficult when the claimant is an inmate, the recommendation is for dismissal without prejudice. To the extent Plaintiff is able to locate Defendant in the future, he may file his claims again. *See generally Toevs v. Reid*, 685 F.3d 903, 916 (10th Cir. 2012) (explaining appointment of counsel is appropriate in "extreme case[s] where the lack of counsel results in fundamental unfairness").

## CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Plaintiff's Motion to Add Claims (Doc. No. 44), Motion to Request the Process Server be Contacted to Verify Execution (Doc. No. 52), Motion of Verification of Defendant Being Served (Doc. No. 55), Motion Showing Proof of Defendant Being Served (Doc. No. 61), Motion Requesting All Motion Filed on Deputy Morse's Account [Be Retracted] (Doc. No. 71), and Motion Addressing the Due Date for An Answer by Defendant (Doc. No. 73), are **DENIED AS MOOT**. It is further

**ORDERED** that Plaintiff's Motion Requesting Volunteer Counsel (Doc. No. 20) is **DENIED without prejudice**.

The Clerk of Court is directed to send a copy of this Order to Plaintiff:

Keyon Nesmith
#193655
Centennial Correctional Facility (CCF)
P.O. Box 600
Canon City, CO 81215


Dated this 20th day of July, 2023.

**BY THE COURT:**

Maritza Dominguez Braswell
United States Magistrate Judge