IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 22-cv-01646-PAB-MDB

KEYON NESMITH,

    Plaintiff,

v.

DEPUTY MORSE, in his individual capacity,

    Defendant.

---

**ORDER**

---

This matter comes before the Court on the Recommendation of United States Magistrate Judge Maritza Dominguez Braswell [Docket No. 75]. The magistrate judge recommends that the Court deny plaintiff's Motion Requesting Default Judgment [Docket No. 59] and dismiss plaintiff's action without prejudice for failure to serve the defendant pursuant to Federal Rule of Civil Procedure 4. Docket No. 75 at 6–7. Plaintiff Keyon Nesmith filed an objection to the recommendation on July 28, 2023. Docket No. 83.

**I. BACKGROUND**

Mr. Nesmith, an inmate proceeding *pro se*, filed a complaint on July 1, 2022 against Sgt. Benjamin, Deputy Morse, and the El Paso County Jail, alleging violations of his First, Eighth, and Fourteenth Amendment rights. Docket No. 1. On August 31, 2022, plaintiff filed an amended complaint that terminated Sgt. Benjamin as party to this case. Docket No. 9. On October 21, 2022, the Court dismissed El Paso County ("County") from this case. Docket No. 14.

Plaintiff has failed to serve the remaining defendant, Deputy Morse. On November 7, 2022, Christopher Strider of the El Paso County Attorney's Office, as an attorney for the El Paso County defendants, purported to execute a waiver of service on behalf of Deputy Morse. Docket No. 18. After a hearing on the issue, Judge Dominguez Braswell determined that the waiver of service was never effective based on the fact the El Paso County Sheriff's Office lacked authority to waive service on Deputy Morse's behalf since Deputy Morse was a former, rather than current, employee. Docket No. 30.

On March 1, 2023, Judge Dominguez Braswell held a status conference and granted Mr. Nesmith's request for a subpoena to the last known address of Deputy Morse. Docket No. 37 at 1. The United States Marshals Service made various unsuccessful attempts to serve Deputy Morse at this address. Docket Nos. 46–49. On April 10, 2023, Judge Dominguez Braswell issued an order to show cause why plaintiff's action should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m). Docket No. 50. Mr. Nesmith filed a response on April 21, 2023 and filed a motion for default judgment on May 5, 2023. Docket Nos. 53, 59. On July 20, 2023, Judge Dominguez Braswell issued a recommendation to deny Mr. Nesmith's motion for default judgment and to dismiss Mr. Nesmith's claims without prejudice for failure to serve Deputy Morse. Docket No. 75.

## II. LEGAL STANDARD

A "fundamental requirement of due process of law in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances to apprise interested parties." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306,

2

314 (1950). Personal jurisdiction over the defendant is required before a default judgment in a civil case may be entered. *Hukill v. Okla. Native Am. Domestic Violence Coalition*, 542 F.3d 794, 797 (10th Cir. 2008). "The Court must first address the adequacy of service in deciding whether it has personal jurisdiction over [a] Defendant." *Reg'l Dist. Council v. Mile High Rodbusters, Inc.*, 82 F. Supp. 3d 1235, 1241 (D. Colo. 2015).

Federal Rules of Civil Procedure 4(m) requires that:

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

A plaintiff bears the ultimate responsibility of effectuating service. *See Fields v. Okla. State Penitentiary*, 511 F. 3d 1109, 1113 (10th Cir. 2007) ("It is the plaintiff's responsibility to provide the United States Marshal with the address of the person to be served."); *Pemberton v. Patton*, 673 F. App'x 860, 864 (10th Cir. 2016) (unpublished) ("[T]he Marshals service is not responsible for lack of service where a plaintiff does not provide correct information required for service."). A plaintiff's *pro se* status does not relieve him of his obligation to adhere to and comply with "the same rules of procedure that govern other litigants." *DiCesare v. Stuart*, 12 F. 3d 973, 979 (10th Cir. 1993); *see Dawson v. Rios*, 2019 WL 4773820, at *2 (W.D. Okla. Sept. 30, 2019) ("Plaintiff's *pro se*, inmate status alone does not provide good cause to extend the ninety-day service deadline.").

The Court will "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). An objection is proper if it

3

is specific enough to enable the Court "to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996). In light of plaintiff's *pro se* status, the Court construes his filings liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## III. ANALYSIS

Mr. Nesmith appears to make the same arguments in his objection as he did in his response to the order to show cause and in his motion for default judgment. *Compare* Docket No. 83 *with* Docket No. 53, Docket No. 59. Mr. Nesmith does not point to any specific findings of fact or application of the law which were incorrect in Judge Dominguez Braswell's recommendation. *See* Docket No. 83 at 1–3. In his objection, Mr. Nesmith appears to argue that the Court should excuse his failure to serve Deputy Morse because of the actions taken by Mr. Strider without proper authority. *Id.* Much of his objection focuses on the arguments made by Mr. Strider at various times. *Id.* However, for purposes of Judge Dominguez Braswell's recommendation, it is irrelevant what arguments Mr. Strider made; it is dispositive that Judge Dominguez Braswell determined that service on Deputy Morse was ineffective. *See* Docket No. 30.

In his objection, Mr. Nesmith asks the Court for "a final attempt to serve Mr. Morse; at the address that the engagement letter was attempted to be executed but return[ed] unexecuted." Docket No. 83 at 3. However, his objection does not challenge Judge Dominguez Braswell's conclusion that, since the deadline to serve Deputy Morse has passed and Mr. Nesmith has not shown good cause for his failure to timely

effectuate proper service, his case should be dismissed without prejudice pursuant to Rule 4(m). Accordingly, the Court will overrule his objection and accept Judge Dominguez Braswell's recommendation.

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the Recommendation of United States Magistrate Judge Maritza Dominguez Braswell [Docket No. 75] is **ACCEPTED**. It is further

**ORDERED** that plaintiff's Motion to Appeal the Court's Recommendation [Docket No. 83] is **OVERRULED**. It is further

**ORDERED** that plaintiff's Motion Requesting Default Judgment [Docket No. 59] is **DENIED**. It is further

**ORDERED** that plaintiff's claims against Deputy Morse are **DISMISSED without prejudice**. It is further

**ORDERED** that this case is closed.

DATED December 13, 2023.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge